# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nixon Rodolfo GARCIA CORTEZ,<br><br>*Petitioner*,<br><br>v.<br><br>LaDeon FRANCIS, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Kristi NOEM in her official capacity as Secretary of Homeland Security; Pam BONDI, in her official capacity as Attorney General.<br><br>*Respondents*. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## **INTRODUCTION**

Petitioner Nixon Rodolfo Garcia Cortez is a New York resident of nearly thirty years who was stopped on the street this morning and detained by immigration authorities as he left a deli in a predominantly immigrant neighborhood in Hempstead, New York. Agents surrounded him, penned him in with a car, and then handcuffed and detained him, all without reasonable suspicion or probable cause. His detention is part of a campaign of race-based stops and detentions in immigrant areas of New York that result in the rapid jailing of individuals without any individualized consideration of their circumstances; flight risk; or even removability from the U.S. Respondents now purport to hold Petitioner in mandatory detention, without any recourse to bond, despite his longtime residence in the U.S.

Because his detention is unlawful, Mr. Garcia Cortez asks this Court to grant his petition and order his immediate release.

1

**PARTIES**

1. Petitioner Nixon Rodolfo Garcia Cortez is resident of Hempstead, New York. He was detained by Respondents on February 2, 2026, and remains in their custody.

2. LaDeon Francis is named in his official capacity as the Acting Field Office Director of the New York Field Office for Immigration and Customs Enforcement ("ICE") within the United States Department of Homeland Security. The ICE New York Field Office is responsible for detentions in the greater New York City area. In this capacity, Mr. Francis is also responsible for the administration of immigration laws and the execution of detention and removal determinations and is a legal custodian of Petitioner. Respondent Francis's address is New York ICE Field Office Director, 26 Federal Plaza, 7th Floor, New York, New York 10278.

3. Respondent Kristi Noem is named in her official capacity as the Secretary of Homeland Security in the United States Department of Homeland Security. In this capacity, she is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103(a) (2007); routinely transacts business in the Eastern District of New York; is legally responsible for pursuing any effort to remove the Petitioner; and as such is a legal custodian of the Petitioner. Respondent Noem's address is U.S. Department of Homeland Security, 2707 Martin Luther King Jr Ave SE, Washington, District of Columbia 20528.

4. Respondent Pam Bondi is named in her official capacity as the Attorney General of the United States. In this capacity, she is responsible for the administration of the immigration laws as exercised by the Executive Office for Immigration Review ("EOIR"), pursuant to 8 U.S.C. § 1103(g). She routinely transacts business in the Southern District of New York and is legally responsible for administering Petitioner's removal and custody proceedings and for the standards used in those proceedings. As such, she is the custodian of Petitioner. Respondent Bondi's office

is located at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530.

## JURISDICTION

5. The federal district courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the lawfulness or constitutionality of their detention by ICE. *See, e.g., Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner was detained by Respondents on January 22, 2026.

6. This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 2241 (habeas); 28 U.S.C. § 1331 (federal question); and Article I, § 9, cl. 2 of the United States Constitution. This Court has authority to grant declaratory and injunctive relief. 28 U.S.C. §§ 2201, 2202. The Court has additional remedial authority under the All Writs Act, 28 U.S.C. § 1651 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## VENUE

7. Venue is appropriate in this district as on information and belief Petitioner is still detained in Nassau County.

## SPECIFIC FACTS ABOUT PETITIONER

8. Mr. Garcia Cortez is a resident of Hempstead, New York who has resided in New York for nearly thirty years. He lives with or near numerous family members, including his longtime partner, who is a Lawful Permanent Resident; her U.S.-citizen children; and her four U.S.-citizen grandchildren, ages 3 to 16. Mr. Garcia Cortez works in roofing and siding and helps to support his family with food, rent and other essentials.

9. On information and belief, Mr. Garcia Cortez has no criminal history in any country.

10. On February 2, Mr. Garcia Cortez got breakfast from a deli in a predominantly immigrant area of Hempstead near his home. The deli and other businesses in the area serve a largely Hispanic customer base. As he left the deli, two agents approached and detained him on the sidewalk; two more quickly joined them and a car then pulled in front of Mr. Garcia Cortez, preventing him from leaving.

11. The agents asked him if he had ever been detained or arrested before and he said no. They asked him for an identification. He showed his New York State driver's license but an agent told him that was insufficient.

12. Agents handcuffed Mr. Garcia Cortez and placed him in a car.

13. This was just once instance of numerous raids and detentions in Hempstead and the surrounding area in which Respondents stop Hispanic men, particularly those walking on the sidewalk, without any basis apart from their race.

## **LEGAL FRAMEWORK**

14. Congress has authorized civil detention of noncitizens in removal proceedings for specific, non-punitive purposes. *See Jennings v. Rodriguez*, 138 S.Ct. 830, 833 (2018); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). For individuals who are "arriving" in the U.S. or who are subject to expedited removal because they have been present under two years and meet certain other requirements, mandatory detention is authorized by 8 U.S.C. § 1225(b). For individuals who are in removal proceedings following entry without inspection and who are not subject to mandatory detention based on criminal history, detention is normally authorized by 8 U.S.C. § 1226(a). Individuals with a final order of removal may be subject to mandatory or discretionary detention pursuant to 8 U.S.C. § 1231(a).

15.     Detention serves only two legitimate purposes: mitigating flight risk and preventing danger to the community. *See Zadvydas*, 533 U.S. at 690; *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020).

16.     In May 2025, the Board of Immigration Appeals held that "an applicant for admission who is arrested and detained without a warrant while arriving in the United States, whether or not at a port of entry, and subsequently placed in removal proceedings is detained under section 235(b) of the INA, 8 U.S.C. § 1225(b), and is ineligible for any subsequent release on bond under section 236(a) of the INA, 8 U.S.C. § 1226(a)." *Matter of Q. Li*, 29 I. & N. Dec. 66, 69 (BIA 2025).

17.     On July 8, Respondents promulgated an internal memo directing ICE attorneys to argue for an even more expansive interpretation of who is subject to mandatory detention. This memo, now leaked to the public, states that "effective immediately, it is the position of DHS that [any noncitizens who have not been admitted to the country] are subject to detention under INA § 235(b) [8 U.S.C. § 1225(b)] and may not be released from ICE custody except by INA § 212(d)(5) [8 U.S.C. § 1182(d)(5)] parole. These [noncitizens] are also ineligible for a custody redetermination hearing ("bond hearing") before an immigration just and may not be released for the duration of their removal proceedings absent a parole by DHS."

18.     In September 2025, the Board of Immigration Appeals adopted this legal interpretation as well. *See Matter of Yajure Furtado,* 29 I&N Dec. 216 (BIA 2025). As a result, immigration judges stopped granting release on bond pursuant to 8 U.S.C. § 1226(a) for individuals who entered the country without inspection.

19.     Respondents' position on their own detention authority contradicts decades of settled precedent, which holds that individuals who entered the U.S. without inspection are governed by 8 U.S.C. § 1226(a). Regulations promulgated nearly thirty years ago provide that "[d]espite being

applicants for admission, [noncitizens] who are present without having been admitted or paroled (formerly referred to as [noncitizens] who entered without inspection) will be eligible for bond and bond redetermination" under Section 1226. 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997). Until recently, Respondents consistently adhered to this interpretation. *See, e.g., Matter of Garcia-Garcia*, 25 I&N. Dec. 93 (BIA 2009); *Matter of D-J-*, 23 I&N. Dec. 572 (A.G. 2003); *see also* Transcript of Oral Argument at 44:24–45:2, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954) ([Solicitor General]: "DHS's long-standing interpretation has been that 1226(a) applies to those who have crossed the border between ports of entry and are shortly thereafter apprehended.").

20. In November, a district court in California also held in a series of decisions that DHS's position on bond eligibility is unlawful with respect to "all noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025); *see also Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1, *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). That judgement should be binding on Respondents nationwide, but instead Respondents have directed immigration judges to ignore the decision.

21. Since this shift, "hundreds of district court decisions have rejected Respondents' expansive interpretation of Section 1225." *Molina v. DelLeon,* No. 25-CV-06526 (JMA), 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) (collecting cases); *see also Martinez v. Joyce*, No. 25 CIV. 10376

6

(GBD), 2026 WL 62019, at *2 n.1 (S.D.N.Y. Jan. 8, 2026) (collecting cases); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (collecting cases at Appendix A); *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice."). These courts have rejected the notion that an individual who has resided in the U.S. for years is "arriving" and falls under a statute intended for use at the nationa's borders. *See Tumba v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *2-6 (S.D.N.Y. Nov. 4, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486-491 (S.D.N.Y. August 13, 2025).

22. Respondents' actions in detaining individuals like Petitioner without an individualized custody determination violates the right to due process. A person's liberty cannot be infringed upon without "adequate procedural protections." *Zadvydas*, 533 U.S. at 690-91. The Second Circuit has held that the *Matthews v. Eldridge* balancing test is applicable to determine the adequacy of process in the context of civil immigration confinement. *Velasco Lopez*, 978 F.3d at 851 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)). This test requires process sufficient to mitigate the risk of erroneous deprivation of a liberty interest.

23. Numerous courts in this circuit and across the country have held that these detentions violate not only the Immigration and Nationality Act but also the due-process clause. *See*, *e.g.*, *Padilla Molina v. Deleon*, No. 25-CV-06526 (JMA), 2025 WL 3718728, at *5 (E.D.N.Y. Dec. 23, 2025); *Hyppolite v. Noem*, No. 25-cv-4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *J.U. v. Maldonado*, No. 25-cv-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Guerrero v. Noem*, No. 25-cv-5881, 2025

WL 3214787 (E.D.N.Y. Nov. 18, 2025)); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, (S.D.N.Y. August 13, 2025); *Cuy Comes v. DeLeon*, No. 25 CIV. 9283 (AT), 2025 WL 3206491, at *5 (S.D.N.Y. Nov. 14, 2025); *Valdez v. Joyce*, No. 25 CIV. 4627 (GBD), 2025 WL 1707737 at *4 (S.D.N.Y. June 18, 2025). Their reasoning is simple: there is no greater interest than one's liberty, yet Respondents' complete lack of individualized process creates an enormous risk of erroneous deprivation—that is, neededless detention. The detention of individuals who pose neither flight risk nor danger does not serve the public interest.

24. Finally, ICE officers' authority to conduct warrantless arrests is prescribed in 8 U.S.C. 1357(a)(2). That statute requires that officers have "reason to believe" a person is in the U.S. in violation of laws *and* "is likely to escape before a warrant can be obtained for his arrest." That assessment must be individualized.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF THE DUE PROCESS CLAUSE
### OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

25. Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

26. Petitioner's detention violates both the substantive and procedural components of the Due Process Clause. The Due Process Clause of the Fifth Amendment forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V. *See generally Reno v. Flores*, 507 U.S. 292 (1993); *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003).

27. Because "[i]n this country liberty is the norm and detention 'is the carefully limited exception,'" *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (*quoting United States v.*

8

*Salerno*, 481 U.S. 739, 755 (1987)), a reasoned, individualized determination is essential to ensure that detention is not an unnecessary—and thus erroneous—deprivation. Petitioner was not accorded sufficient process prior to his sudden detention by ICE. On information and belief, Respondents contend that he is subject to mandatory detention and he received neither notice nor an opportunity to be heard as to whether detention was warranted. *See Martinez*, 2026 WL 62019, at *3 (finding a due-process violation where the "Government offers no justification for why" petitioner, a longtime U.S. resident, "was detained without an initial determination as to eligibility and without a bond hearing"); *Cuy Comes*, 2025 WL 3206491, at *5 (ordering immediate release where "ICE summarily detained Cuy Comes without making an individualized determination as to his risk of flight or his danger to the community, let alone affording him notice or opportunity to be heard").

28. Respondents will now contend that Petitioner is ineligible for bond under *Matter of Yajure Furtado*, 29 I&N Dec. 216 (BIA 2025). Petitioner's mandatory detention, following a summary apprehension that failed to consider his individualized circumstances, violates his right to due process.

29. Petitioner's detention also violates his right to substantive due process. Substantive due process "prevents the government from engaging in conduct that 'shocks the conscience.'" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 356 (S.D.N.Y. 2019) (quoting *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952)). Petitioner is a longtime U.S. resident with no criminal history. He was detained on the street with no basis apart from his race and presence in an immigrant neighborhood.

30. Respondents' actions violate Petitioner's right to due process.

## COUNT TWO
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

31. Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

32. The Administrative Procedure Act prohibits agency action which is arbitrary and capricious; contrary to constitutional right; not authorized by statute; or taken "without observance of procedure required by law." 5 U.S.C. § 706(2).

33. An action is an abuse of discretion if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007) (*quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983)).

34. Respondents' current construction of its detention authority, including the treatment of Petitioner as subject to mandatory detention, also violates the Immigration and Nationality Act and therefore the Administrative Procedure Act. Moreover, Respondents' decision to detain Petitioner and to maintain him despite no change in circumstance nor suggestion he poses a danger or flight risk is arbitrary and capricious

35. In addition, ICE officers' authority to conduct warrantless arrests is prescribed in 8 U.S.C. 1357(a)(2). That statute requires that officers have "reason to believe" a person is in the U.S. in violation of laws *and* "is likely to escape before a warrant can be obtained for his arrest." That assessment must be individualized.

36. On information and belief, no individualized assessment of flight risk was conducted for petitioner. Nor did officers have sufficient evidence of his alienage to detain him.

37.     Instead, his detention was part of an operation to stop, question and detain Hispanic New Yorkers based solely on their race. Respondents' policy and practice of making warrantless arrests without the required individualized flight risk analysis is "final agency action" that violates the Administrative Procedure Act. *See Escobar Molina,* 2025 WL 3465518, at *2 ("enjoin[ing] preliminarily defendants from continuing any policy or practice of conducting warrantless civil immigration arrests in the District without making individualized probable cause determinations as to each arrestee's risk of escape, as required by 8 U.S.C. § 1357(a)(2)").

38.     Accordingly, their policy of making warrantless arrests without the statutorily required individualized flight risk analysis, under which they arrested Petitioner, is ultra vires and therefore contrary to law.

## COUNT THREE
## VIOLATION OF THE FOURTH AMENDMENT

39.     Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

40.     "The Fourth Amendment applies to all seizures of the person." *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975). Except at the border and its functional equivalents, the Fourth Amendment prohibits Respondents from conducting a detentive stop to question a person without reasonable suspicion that a person is a noncitizen unlawfully in the United States. *Id.* at 884. The Government bears the burden of providing "specific and articulable facts" to support reasonable suspicion. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968). The race of an individual cannot itself create reasonable suspicion, even for a temporary stop. *United States v. Brignoni-Ponce*, 422 U.S. 873, 887 (1975); *Noem v. Vasquez Perdomo*, No. 25A169, --- S.Ct. ----, 2025 WL 2585637, at *3 (Sep. 8, 2025) (Kavanaugh, J., concurring). Officers lacked reasonable suspicion to approach and question Petitioner.

11

41. A search or seizure requires probable cause to believe a noncitizen "is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357 (a)(2). "Though 8 U.S.C. § 1357(a)(2) uses the phrase 'reason to believe; as the standard for executing warrantless civil immigration arrests, 'aliens in this country are sheltered by the Fourth Amendment in common with citizens,' and therefore, to avoid running afoul of the Fourth Amendment, this statutory phrase is 'considered the equivalent of probable cause.'" *Escobar Molina*, 2025 WL 3465518, at *13 (quoting *Au Yi Lau v. U.S. Immigr. & Naturalization Serv.*, 445 F.2d 217, 222-23 (D.C. Cir. 1971)); *see also United States v. Rodriguez*, 532 F.2d 834, 838 (2d Cir. 1976) (recognizing that arrests under 8 U.S.C. § 1357(a)(2) require probable cause); *English v. Sava*, 571 F. Supp. 1029, 1034 (S.D.N.Y. 1983) (construing 8 U.S.C. § 1357(a)(2) to require probable cause). Officers lacked probable cause to seize Petitioner.

42. Respondents' actions violated Petitioner's rights under the Fourth Amendment.

## COUNT FOUR
## RELEASE PENDING ADJUDICATION

43. Petiioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

44. Pursuant to *Mapp v. Reno*, this Court has the "inherent authority" to set bail pending the adjudication of a habeas petition when the petition has raised (1) substantial claims and (2) extraordinary circumstances that (3) "make the grant of bail necessary to make the habeas remedy effective." 241 F.3d 221, 226 (2d Cir. 2001).

45. As the overwhelming consensus among district courts confirms, Petitioner presents substantial claims. He also presents extraordinary circumstances: his arrest was the result of an unlawful race-based stop, an alarming breach of constitutional norms, and he now finds himself detained for no reason.

46. He requests immediate release pending adjudication of the instant petition.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioners respectfully requests that this Court:

1. Assume jurisdiction over this matter;

2. Enjoin Petitioner's removal from the United States and the Southern District of New York pending adjudication of the instant petition;

3. Order Respondents to show cause why the writ should not be granted within three days, and set a hearing on this Petition within five days of the return, as required by 28 U.S.C. § 2243;

4. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act;

5. Grant a writ of habeas corpus ordering Respondents to immediately and unconditionally release Petitioner from custody, without GPS monitoring;

6. Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

7. Grant such further relief as this Court deems just and proper.

Dated: February 2, 2026

/s/ Paige Austin
Paige Austin
Harold A. Solis
Make the Road New York
301 Grove St.
Brooklyn, NY 11237
Tel. (718) 418-7690
Paige.Austin@maketheroadny.org
Harold.solis@maketheroadny.org

## CERTIFICATE OF SERVICE

I certify that on February 2, 2026, I electronically filed the attached the foregoing Petition for Writ of Habeas Corpus and accompanying Exhibits with the Clerk of the Court for the United States District Court for the Eastern District of New York using the CM/ECF system. Service will therefore be effected by the CM/ECF system.

/s/ Paige Austin
Paige Austin
Make the Road New York
301 Grove St.
Brooklyn, NY
Tel.: (718) 418-7690 ext. 4139
Fax: (866) 420-9169
Email: paige.austin@maketheroadny.org

*Attorney for Petitioner*

## **VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of the Petitioner because Make the Road New York represents him in the instant petition for habeas corpus. On information and belief, I hereby verify the factual statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.


Date: February 2, 2026                                                                                       /s/Paige Austin