UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NIXON RODOLFO GARCIA CORTEZ,

                Petitioner,

      v.                              **ORDER**
                                              26-CV-0570-SJB

LADEON FRANCIS, et al.,

                Respondents.
-----------------------------------------------------------------X
**BULSARA, United States District Judge:**

Petitioner Nixon Rodolfo Garcia Cortez ("Garcia Cortez" or "Petitioner"), a citizen of Guatemala who has lived in the United States for nearly 30 years, was arrested on February 02, 2026, by U.S. Immigration and Customs Enforcement ("ICE") officers.  (Pet. for Writ of Habeas Corpus filed Feb. 02, 2026 ("Pet."), Dkt. No. 1 ¶¶ 8–10; Resp'ts' Letter filed Feb. 3, 2026 ("Resp'ts' Letter"), Dkt. No. 7 at 1; Decl. of Deportation Officer Patrick Heerey, Dkt. No. 8 ¶¶ 3–6).  He filed a petition for a writ of habeas corpus with this Court that same day.  (Pet. at 1).  Garcia Cortez alleges to have no criminal history in any country, (*id.* ¶ 9), and Respondents identify none.  Nor had he previously been encountered by ICE or Customs and Border Protection. (Heerey Decl. ¶ 4).  For the reasons explained below, the writ is granted.

The Government has filed an opposition to Petitioner's writ that suggests that the sole basis for Petitioner's detention is 8 U.S.C. § 1225, (Resp'ts' Letter at 1–2), despite the fact that Petitioner has been in the United States for nearly 30 years, (Pet. ¶ 8).  The Government's position is that someone is subject to removal and detention under Section 1225(b)(2), as someone who is "seeking admission" to the

United States, notwithstanding that they have been living here for months, if not years.  Court after court, judge after judge, in district after district has rejected this argument.  *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490–91 (S.D.N.Y. 2025) ("[T]he line historically drawn between sections 1225 and 1226, which mak[es] sense of their text and the overall statutory scheme, is that section 1225 governs detention of non-citizens seeking admission into the country, whereas section 1226 governs detention of non-citizens already in the country. . . . This Court has similarly been unable to identify any authority to support Respondents' expansive interpretation of § 1225(b)." (quotations omitted)); *Padilla Molina v. DeLeon*, No. 25-CV-6526, 2025 WL 3718728, at *3 (E.D.N.Y. Dec. 23, 2025) ("This Court agrees with Petitioner that he is detained subject to Section 1226, not Section 1225.  In so holding, the Court joins the hundreds of district court decisions that have rejected Respondents' expansive interpretation of Section 1225 as inconsistent with the plain text and overall structure of the INA.") (collecting cases); *Ulloa Montoya v. Bondi*, No. 25-CV-6363, 2025 WL 3718694, at *3 (E.D.N.Y. Dec. 23, 2025) (same); *Rodriguez-Acurio v. Almodovar*, -- F. Supp. 3d --, No. 25-CV-6065, 2025 WL 3314420, at *23 (E.D.N.Y. Nov. 28, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts.  The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across

2

the United States." (quoting *Barco Mercado v. Francis*, -- F. Supp. 3d --, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025))).

Respondents concede that before this Court they have no new arguments to present to warrant the detention of this Petitioner, except the recycled arguments that hundreds of decisions and judges have rejected over and over again, and as such "cannot prevail in this action." (Resp'ts' Letter at 2). In contrast to this tidal wave of cases, they offer only a few isolated decisions going the other direction and note that the Court of Appeals is considering a handful of cases, (*id.* at 2 n.2, 3 n.4), but otherwise submit that the Court can decide this matter without further briefing, (*id.* at 3).

The Court incorporates the reasoning of judges in this District and its sister courts and grants the writ—because at its core, detention under § 1225 violates due process guarantees and is inapplicable and inappropriate for individuals who have lived in the United States as long as Petitioner has.[1]

---

[1] There is a separate troubling issue in this case. The declaration provided states that ICE served Petitioner with a Notice to Appear ("NTA") charging him as removable that same day, "during processing," and seemingly after he had been arrested. (Heerey Decl. ¶ 9). The Court notes that the post-arrest issuance of an NTA may raise an independent basis for granting the writ, but does not reach the issue here. *See Gopie v. Lyons*, No. 25-CV-05229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025).

The writ is granted.  Respondents are directed to effectuate Petitioner's release by **February 4, 2026 at 2:00 P.M.** and file a letter on the docket confirming Petitioner's release by that time.  Respondents are enjoined from detaining Petitioner absent further direction from this Court.  The Court concludes that the Petition's other bases for granting the writ, including the APA, are now moot and unnecessary to resolve.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  February 3, 2026
        Central Islip, New York